**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____

IN RE
    KEITH LEZAMA                 Chapter 13
        Debtor                   Case No. 16-11473-MSH

_____

**OPPOSITION TO MOTION FOR RELIEF FROM STAY**

NOW COMES the Debtor, Keith Lezama, and opposes the Motion for Relief from Stay
(the "Motion") of The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for
the Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2006-8 as serviced by
Select Portfolio Servicing, Inc. ("BNY").  In support of this opposition, the Debtor responds
paragraph-by-paragraph as follows:

1. The Debtor has insufficient information to admit or deny the allegations contained within
   this paragraph.

2. Admitted.

3. Admitted.

4. Admitted.

5. The Debtor has insufficient information to admit or deny the allegations contained within
   this paragraph.

6. The Debtor has insufficient information to admit or deny the allegations contained within
   this paragraph.

7. Admitted.

8. The Debtor has insufficient information to admit or deny the allegations contained within
   this paragraph.

9. Admitted.

10. The Debtor has insufficient information to admit or deny the allegations contained within this paragraph.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted to the extent that the Debtor's Schedules list the fair market value of the subject property as $403,000.00. The Debtor has insufficient information to admit or deny the remaining allegations contained within this paragraph.

15. The Debtor has insufficient information to admit or deny the allegations contained within this paragraph.

16. Denied. The Debtor submits that he has made regular monthly payments on his mortgage under the terms of his confirmed plan. The Debtor has attached copies of these payments herein as EXHIBIT A.

17. Denied. The Debtor submits that he has made several payments since May 29, 2018 and calls the Court's attention to EXHIBIT A.

18. Denied. First, the Debtor (in accordance with his responses to Paragraphs 16 and 17 above) asserts that BNY's Motion misrepresents the Debtor's true payment history and that the total post-petition arrearage, to the extent that any exists, is substantially lower. Second, the Debtor submits that BNY's arrearage calculation fails to take into account the post-petition increases of the Debtor's mortgage payment. BNY calculates the total amount due post-petition based on the Debtor's current, higher payment, instead of

factoring in the lower payments that were due at points in the past. The Debtor has

attached a copies of the Notice(s) of Mortgage Payment Change herein as EXHIBIT B.

19. The Debtor has insufficient information to admit or deny the allegations contained within

this paragraph.

20. Denied. The Debtor depends on the stability of his housing situation in order to earn a

steady income and continue to make his regular payments under the terms of his Plan.

21. To the extent that this Paragraph is a request for relief, no response is required. To the

extent a response may be required, denied. The Debtor submits that BNY's interest in the

subject property has been adequately protected and that the property is necessary for an

effective reorganization.


In light of the Debtor's response, the Debtor requests that the Court deny BNY's Motion.

In the alternative, the Debtor requests that the Court set a hearing on this matter at a date and

time convenient for the Court. Further, the Debtor requests any alternative or additional relief

that the Court deems to be just and appropriate under the circumstances.


Respectfully submitted,
Keith Lezama
By his attorney

*/s/ Colin D. Creager*
Colin D. Creager, BBO #697526
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400
(617) 507-3456 (fax)
cdc@mass-legal.com

Dated: September 4, 2018

## CERTIFICATE OF SERVICE

I, Colin Cerager, hereby certify that I have served a true and correct copy of the within document via the CM/ECF system as follows:

Carolyn Bankowski, Esq., Chapter 13 Trustee
John Fitzgerald, Esq. United States Trustee
Jason Giguere on behalf of Creditor The Bank of New York Mellon
Reneau J. Longoria on behalf of Creditor The Bank of New York Mellon
Joshua Ryan-Polczinski on behalf of Creditor The Bank of New York Mellon
Marcus Pratt on behalf of Creditor The Bank of New York Mellon

Dated:  September 4, 2018                         */s/ Colin D. Creager*
                                                  Colin D. Creager